UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TIMOTHY E. SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21 CV 36 |
| | ) |
| LAFAYETTE POLICE DEPT., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss. (DE # 9.) For the reasons set forth below, the motion will be granted.

I.   **BACKGROUND**

Plaintiff Timothy Simpson, proceeding *pro se*, alleges that he was riding a bicycle in the Lafayette mall parking lot when defendant Officer Michael Zambon pushed him off his bicycle and plaintiff was knocked unconscious. (DE # 1 at 2.) Plaintiff claims that he woke up seven days later with a severe skull fracture. (*Id.*)

This incident occurred on May 24, 2018. (*Id.* at 3.) Plaintiff filed his complaint on June 3, 2021. (*Id.*) Plaintiff's complaint appears to allege a claim of excessive force under 42 U.S.C. § 1983.

Defendants, the Lafayette Police Department, City of Lafayette, and Officer Zambon, now move to dismiss plaintiff's complaint on the basis that it is untimely. Plaintiff did not file a response and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d). This matter is ripe for ruling.

## II. LEGAL STANDARD

A judge reviewing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As the Seventh Circuit explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or

2

unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

Defendants contend that plaintiff's complaint is untimely. "Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017). "A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings[.]" *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

In an action under § 1983, federal courts look to the law of the state in which the personal injury occurred to determine the length of the statute of limitations. *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019), *as amended on denial of reh'g* (Apr. 17, 2019). In Indiana, a plaintiff must bring a personal injury action within two years after its accrual. *Richards*, 696 F.3d at 637. However, the question of when the cause of action accrues is a question of federal – not state – law. *Regains*, 918 F.3d at 533. The standard rule is that a § 1983 cause of action accrues when a plaintiff has "a complete and present cause of action," which is when a plaintiff "can file suit and obtain relief." *Wallace v. Kato,* 549 U.S. 384, 388 (2007) (internal quotation marks and citations omitted). Thus, a

claim for excessive force accrues immediately. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010); *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998).

In this case, plaintiff states in his complaint that the incident of alleged excessive force occurred in May of 2018. Therefore, when plaintiff filed his lawsuit in June of 2021 he was more than a year outside the limitations period. Accordingly, his complaint is time-barred and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss. (DE # 9.)

**SO ORDERED.**

Date: November 29, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT